UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RONALD JONES,

                                   Plaintiff,           22-cv-414 (NSR)(AEK)

      -against-

                                                **ANSWER**

THE CITY OF MOUNT VERNON,
SGT. JASON CONLEY,
OFFICER STEVEN ALCANTARA,
OFFICER MARIETTA,

                                   Defendants.
-----------------------------------------------------------X

        Defendants, THE CITY OF MOUNT VERNON; SGT. JASON CONLEY, OFFICER STEVEN ALCANTARA, and OFFICER EDGAR MORETA (s/h/a OFFICER MARIETTA) by their attorneys, The Quinn Law Firm PLLC, for their Answer to Plaintiff's Complaint (the "Complaint"), respectfully allege, upon information and belief, as follows:

## NATURE OF THE CASE

        1.      Deny the allegations set forth in paragraph "1" of the Complaint, except admit only that Plaintiff purports this action to be a civil rights action brought against the City of Mt. Vernon and members of the Mt. Vernon Police Department.

## JURISDICTION AND VENUE

        2.      Deny the allegations set forth in paragraph "2" of the Complaint, except admit only that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983.

        3.      Deny the allegations set forth in paragraph "3" of the Complaint.

        4.      Deny the allegations set forth in paragraph "4" of the Complaint, except admit only that plaintiff purports to invoke the Court's jurisdiction as stated therein, and respectfully refer all questions of law to the Court.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint, and respectfully refer all questions of law to the Court.

6. Admit the allegations set forth in paragraph "6" of the Complaint.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admit only to the extent that the City has not issued payment to plaintiff related to his claims.

**PARTIES**

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint, except admit only that the City of Mt. Vernon is a municipal entity created and authorized under the laws of the State of New York, and is authorized to maintain a police department.

10. Admit that Sgt. Jason Conley was at all relevant times employed by the City of Mount Vernon as a member of the Mount Vernon Police Department, and was acting under color of New York State Law and in the course and scope of his duties; otherwise deny.

11. Assert that there are no factual allegations contained in paragraph "11" of the Complaint as to which a response is required, and respectfully refer all questions of law to the Court.

12. Assert that there are no factual allegations contained in paragraph "12" of the Complaint as to which a response is required, and respectfully refer all questions of law to the Court.

13. Admit that Officer Steven Alcantara was at all relevant times employed by the City of Mount Vernon as a member of the Mount Vernon Police Department, and was acting under color of New York State Law and in the course and scope of his duties; otherwise deny.

14. Assert that there are no factual allegations contained in paragraph "14" of the Complaint as to which a response is required, and respectfully refer all questions of law to the Court.

15. Assert that there are no factual allegations contained in paragraph "15" of the Complaint as to which a response is required, and respectfully refer all questions of law to the Court.

16. Admit that Officer Edgar Moreta (s/h/a "Officer Marietta"), was at all relevant times employed by the City of Mount Vernon as a member of the Mount Vernon Police Department, and was acting under color of New York State Law and in the course and scope of his duties; otherwise deny.

17. Assert that there are no factual allegations contained in paragraph "17" of the Complaint as to which a response is required, and respectfully refer all questions of law to the Court.

18. Assert that there are no factual allegations contained in paragraph "18" of the Complaint as to which a response is required, and respectfully refer all questions of law to the Court.

19. Admit the allegations contained in paragraph "19" of the Complaint, except allege that Officer Edgar Moreta was sued incorrectly herein as "Officer Marietta."[1]

---

[1] Defendants will treat all allegations made against "Officer Marietta" as against Officer Edgar Moreta.

20. Admit the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

## THE VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, and further allege that when plaintiff saw Sgt. Conley in the stairwell, he froze, then immediately reached toward his waistband, and ran out of the stairwell, through the lobby area and into the opposite stairwell.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit only that plaintiff told the officers that he was not running from them.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except admit only that while Sgt. Conley and Officer Moreta were speaking with plaintiff, Officer Alcantara went inside a nearby door to the garbage room where the incinerator shaft was located.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint, except admit that following being placed into custody plaintiff was transported to the Mount Vernon Police Department Headquarters.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit only that plaintiff was interviewed in the cell block interview room at MVPD.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, and refer to the written ruling of Hon. David S. Zuckerman, dated February 11, 2020, for the true contents thereof.

40. Deny the allegations set forth in paragraph "40" of the Complaint, and refer to the written ruling of Hon. David S. Zuckerman, dated February 11, 2020, for the true contents thereof.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint, and respectfully refer all questions of law to the Court.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43 of the Complaint.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

**FIRST CLAIM FOR RELIEF:**
**FALSE ARREST UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

46. In response to the allegations set forth in paragraph "46" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

**SECOND CLAIM FOR RELIEF:**
**PROSECUTION WITHOUT PROBABLE CAUSE UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

51. In response to the allegations set forth in paragraph "51" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

**THIRD CLAIM FOR RELIEF:**
**DUE PROCESS VIOLATIONS UNDER 42 U.S.C. § 1983**
**AGAINST THE INDIVIDUAL DEFENDANTS**

56. In response to the allegations set forth in paragraph "56" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

*[Plaintiff's Fourth Claim for Relief: Failure to Intervene and Conspiracy under 42 U.S.C. § 1983 against the Individual Defendants and Fifth Claim for Relief: Monell Liability Against the City of Mt. Vernon were dismissed by Order of the Court dated February 17, 2023]*

### SIXTH CLAIM FOR RELIEF: MALICIOUS PROSECUTION AGAINST THE INDIVIDUAL DEFENDANTS AND THE CITY OF NEW YORK[2]

78. In response to the allegations set forth in paragraph "78" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

79. Deny the allegations set forth in paragraph "79" of the Complaint.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "65" of the Complaint.

82. Deny the allegations set forth in paragraph "66" of the Complaint.

83. Deny the allegations set forth in paragraph "67" of the Complaint.

*[Plaintiff's Seventh Claim for Relief: Negligent Hiring, Screening, Retention, Supervision and Training against the City of New York, Eighth Claim for Relief: IIED/NIED Against the Individual Defendants and the City of New York, and Ninth Claim for Relief: Violation of Article I, § 12 of the New York State Constitution against the Individual Defendants were dismissed by Order of the Court dated February 17, 2023]*

---

[2] Plaintiff erroneously lists the City of New York instead of the City of Mt. Vernon in the Sixth and Ninth Claims for Relief in the Complaint. Defendants' responses treat the allegations therein as against the City of Mount Vernon.

## NINTH CLAIM FOR RELIEF:
## VIOLATION OF ARTICLE I, § 12 OF THE NEW YORK STATE CONSTITUTION
## AGAINST THE CITY OF NEW YORK

94. In response to the allegations set forth in paragraph "78" of the Complaint, Defendants repeat and reallege each response set forth in the preceding paragraphs of their answer, as if fully set forth herein.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. Deny the allegations set forth in paragraph "96" of the Complaint.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint, insofar as they were intended to be alleged against the City of Mt. Vernon.

## AFFIRMATIVE DEFENSES

### As and For a First Affirmative Defense

100. The Complaint fails to state a claim for relief upon which relief may be granted.

### As and For a Second Affirmative Defense

101. Plaintiff's damages, if any are proven, were not proximately caused by Defendants.

### As and For a Third Affirmative Defense

102. The City of Mount Vernon is protected by the doctrine of municipal immunity.

### As and For a Fourth Affirmative Defense

103. Plaintiff's claims are time-barred by the applicable statute(s) of limitations.

### As and For a Fifth Affirmative Defense

104. There was no unlawful arrest, unlawful imprisonment, or unlawful detention of Ronald Jones.

### As and For a Sixth Affirmative Defense

105. Punitive damages are not available against the City of Mount Vernon.

### As and For a Seventh Affirmative Defense

106. Probable cause, or at least arguable probable cause, existed to arrest, detain and prosecute Ronald Jones.

### As and For an Eighth Affirmative Defense

107. At all times relevant hereto, Defendants acted in good faith and took appropriate action in the discharge of their official duties.

### As and For a Ninth Affirmative Defense

108. Any injuries alleged to have been sustained by Plaintiff resulted from the culpable or negligent conduct of others and were not the proximate result of any act of Defendants.

### As and For a Tenth Affirmative Defense

109. Any injuries alleged to have been sustained by Plaintiff resulted from the culpable or negligent conduct of Plaintiff and were not the proximate result of any act of Defendants.

### As and For an Eleventh Affirmative Defense

110. Defendants have not violated Plaintiff's constitutional, human, or statutory rights.

### As and For a Twelfth Affirmative Defense

111. Any and all police officers named as defendants in this suit are protected by the doctrine of qualified immunity.

### As and For a Thirteenth Affirmative Defense

112. Plaintiff failed to mitigate his alleged damages.

**As and For a Fourteenth Affirmative Defense**

113.    The liability of these answering defendants, if any, to plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including other parties over whom Plaintiff could have obtained personal jurisdiction with due diligence.

**WHEREFORE,** Defendants demand judgment:

I.    Dismissing the Complaint in its entirety with prejudice;

II.    An order awarding Defendants the costs, disbursements, expenses and reasonable attorney's fees incurred in defending this action and such other relief as this Court may deem just and proper.

Dated: White Plains, New York
       March 31, 2023

Respectfully submitted,

_____
Marykate Acquisto, Esq.
THE QUINN LAW FIRM, PLLC
*Attorneys for Defendants*
399 Knollwood Road, Suite 220
White Plains, New York 10603
Tel: (914) 997-0555
Fax: (914) 997-0550
macquisto@quinnlawny.com

TO:    *Via ECF*

Rob Rickner, Esq.
Rickner PLLC
14 Wall Street, Suite 1603
New York, New York 10005
Tel. (212) 300-6506
rob@ricknerpllc.com